# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

MICHAEL RAY GREEN,
ADC #82316                                                              PLAINTIFF

V.                              5:17CV00007 JM/JTR

RORY GRIFFIN,
ADC Health Director, et al.                                            DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Partial Disposition ("Recommendation") has been sent to United States District James M. Moody Jr. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received by the Clerk of this Court within fourteen (14) days of this Recommendation. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Introduction

Plaintiff Michael Ray Green ("Green") is a prisoner in the Maximum Security Unit of the Arkansas Department of Correction ("ADC"). He has filed this *pro se* action alleging that Defendants ADC Health Director Rory Griffin ("Griffin"), ADC Health Administrator William Benton ("Benton"), Nurse Erica Johnson ("Johnson"), Dr. Jeffrey Stieve ("Dr. Stieve"), and Dr. John Wilson ("Dr. Wilson") violated his constitutional rights by rights by refusing to provide him with corrective surgery on his left knee. *Docs. 2 & 3.* Importantly, Green alleges that, at the time that he initiated this action, he was in peril of having his leg amputated due to Defendants' refusal to perform surgery. *Id.*

It is undisputed that Green was a three-striker when he commenced this action. *See* 28 U.S.C. § 1915(g).[1] Nevertheless, the Court allowed him to proceed *in forma pauperis* because his "allegations, *if proven to be true,* would satisfy the imminent danger exception" to the three strikes rule. *Doc. 11.* However, the Court made it clear to Green that Defendants would be allowed to challenge his imminent danger allegations. *Id.*

---

[1] 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury.*" (Emphasis added.)

2

Defendants have recently filed a Motion to Revoke Plaintiff's *In Forma Pauperis* Status because the medical records establish that, since he initiated this action, he has never been in imminent danger of serious physical injury. *Docs. 29 & 30.* Green has filed a Response. *Doc. 34.* Thus, the issues are joined and ready for disposition.

The relevant, undisputed facts are as follows:

1. On July 15, 2016, Green's left knee was examined by Dr. Wilson, who is an orthopedist at the University of Arkansas for Medical Sciences ("UAMS"). Dr. Wilson diagnosed Green with a 1 cm loose body in his left knee and referred him to an non-party orthopedic surgeon. *Doc. 29, Ex. 1 at 1-8.*

2. Appointments with the orthopedic surgeon were scheduled for August 22, 2016 and October 10, 2016. *Id.* at 9. It is unclear whether Green was seen for either of these appointments.

3. On September 23, 2016, Dr. Stieve examined Green's left knee at the prison infirmary and gave him a prescription for an anti-inflammatory/pain medication. *Id. at 10-11.*

4. On October 6, 2016, Green sent a letter to the "President of UAMS." *Id. at 12-15.* In that letter, Green proclaimed that he did not want to have knee surgery because he feared that "he would be killed," and that "hospitals that have been under contract with the State have killed inmates through surgery." *Id. at 13.*

Green also threatened to have his family call the news and contact the "United States Trustees Department" if the surgery occurred. *Id.* As a result, UAMS canceled Green's surgical appointment and refused to provide him with further care. *Id.*

5. Thereafter, prison medical staff searched for another hospital and orthopedist who would accept and treat Green. While new medical providers were located, Green remained on pain and anti-inflammatory medications for his knee; he was provided with a knee brace; and he was excused from work duty. *Doc. 29, Ex. 2.*

6. On January 6, 2017, Green initiated this *pro se* action alleging that Defendants violated his constitutional rights by failing to provide him with corrective surgery on his left knee, *which is something he explicitly refused to allow surgeons at UAMS to perform in the fall of 2016.* *Doc. 2.*

7. On January 20, 2017, Green was examined by a non-party orthopedist at CHI St. Vincent Infirmary. He advised Green that he could either: (a) continue conservative treatment for his left knee by wearing a brace, taking anti-inflammatory/pain medications, and possibly receiving steroid injections; or (b) have outpatient orthoscopic surgery. Green choose the latter option, and the orthopedist ordered an MRI to prepare for surgery. *Doc. 29, Ex. 1 at 21-23*.

8. On March 2, 2017, an MRI revealed that Green had a meniscus tear and a loose body in his left knee. *Id. at 24*.

9. On April 4, 2017, the ADC approved "non-emergent" surgery on Green's left knee which is scheduled to occur sometime "in the near future." *Id., Ex. 1 at 29; Ex. 2 at 2.*

## II. Discussion

The Prison Litigation Reform Act provides that a three-striker, such as Green, can proceed *in forma pauperis* only if he is "under imminent danger of serious physical injury" *at the time the complaint is filed*. 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Importantly, the Eighth Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury." *Compare Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003) (holding that the imminent danger exception did not apply when a prisoner was forced to work outside in extreme weather conditions that did not result in any serious physical injuries) *with Ashley*, 147 F.3d at 717 (holding that the imminent danger exception applied when prison officials allowed a prisoner to remain near his enemies, one of whom had previously stabbed him).

Here, there is *no medical evidence* to support Green's allegation that he was in imminent danger of serious physical injury when he commenced this action on January 6, 2017, much less that he was in jeopardy of having his "left leg amputated," as he alleged in his Complaint. Furthermore, Dr. Floss, who is a non-party physician, states in his *unrefuted* Affidavit that: (1) Green's left knee injury was

5

"not urgent or emergent;" (2) surgical correction of that injury was "elective;" and (3) at "no point in time was Green at risk of losing his left leg." *Doc. 29, Ex. 2 at 3*.

Finally, the *undisputed medical evidence* demonstrates that Defendants were treating Green's left knee with pain and anti-inflammatory medications; providing him with a knee brace; excusing him from work duty; scheduling him for corrective surgery at UAMS; and finally, taking him to a private orthopedic specialist after he refused to allow a UAMS orthopedist to perform the surgery based on Green's unsubstantiated fears that he might be killed by surgeons and other medical personnel at UAMS.

Because there is no evidence that Green was in imminent danger of serious physical injury, either at the time he initiated this action or at any time thereafter, his *in forma pauperis* status should be revoked.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED:

1. Defendants' Motion to Revoke Green's *In Form Pauperis (Doc. 29)* be GRANTED, and this case DISMISSED, WITHOUT PREJUDICE.

2. Green be given thirty days to reopen the case by paying the $400 filing

fee in full and filing a Motion to Reopen.[2]

3.  Wilson's Motion to Dismiss *(Doc. 22)* for failing to state a claim and Rory's Motion for Summary Judgment *(Doc. 35)* on the issue of exhaustion be DISMISSED, WITHOUT PREJUDICE and that they be allowed to refile those Motions if Green reopens this case.

4.  The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 19th day of June, 2017.

*[signature: J. Thomas Ray]*

UNITED STATES MAGISTRATE JUDGE

---

[2] The Court finds no basis for granting Defendants' additional request that Green be ordered to pay the U.S. Marshal's Service for the cost they incurred executing service in this case. *See* Fed. R. Civ. P. 4(c)(3) (providing that a court "may order that service be made" by the U.S. Marshal's Service even when a plaintiff is not proceeding *in forma pauperis*); *Yates v. Baldwin*, 633 F.3d 669, 672 (8th Cir. 2011) (same).